PER CURIAM:
*767 Denied. Relator fails to show that he received ineffective assistance of counsel under the standard of Strickland v. Washington , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As to his remaining claims, relator fails to satisfy his post-conviction burden of proof. La.C.Cr.P. art. 930.2.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
HUGHES, J., would grant to order an evidentiary hearing.
CRICHTON, J., additionally concurs and assigns reasons.
Crichton, J., additionally concurs and assigns reasons.
I agree with the denial of this application, because defendant's excessiveness claim is not cognizable on collateral review. See La. C.Cr.P. art. 930.3 ; State ex rel. Melinie v. State , 93-1380 (La. 1/12/96), 665 So.2d 1172 (per curiam) (" La. Code Crim. Proc. art. 930.3, which sets out the exclusive grounds for granting post-conviction relief, provides no basis for review of claims of excessiveness or other sentencing error post-conviction."). I write separately to note, however, that though I agree the defendant has earned a substantial sentence, in my view, the sentence of 20 years hard labor as a multiple offender, where the defendant has no convictions of crimes of violence and the conviction at issue arises from marijuana charges, is excessive. As I have repeatedly stated, use of the Habitual Offender Law by prosecutors should be cautiously exercised with discretion. See , e.g. , State v. Ellison , 18-0053 (La. 10/29/18), 255 So.3d 568 (in dissent) (collecting cases). See also State v. Ladd , 14-1622 (La. 3/27/15), 164 So.3d 184 (Knoll, J., additionally concurring and Crichton, J., additionally concurring for the reasons assigned by Justice Knoll) ("In view of the defendant's non-violent criminal record and the sentencing court's imposition of twenty years without the benefit of parole, probation, or suspension of sentence under the Habitual Offender Law, this sentence on its face seems very harsh.").
Hughes, J., would grant to order an evidentiary hearing.